J-A03007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GERALD S. LEPRE AND JESSICA L. LEPRE, HIS WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| BMW OF NORTH AMERICA, LLC AND SEWICKLEY CAR STORE, INC. D/B/A SEWICKLEY BMW | : : : : | No. 1453 WDA 2022 |

Appeal from the Order Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): AR-21-004361

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY BOWES, J.:　　　　　**FILED: February 7, 2024**

Gerald S. and Jessica L. Lepre have appealed *pro se* from an order that clarified and amended prior orders that transferred some claims to arbitration, dismissed Gerald Lepre as a plaintiff as to some counts, and stayed other claims pending the disposition of the arbitration.[1]  In this Court, the Lepres filed a bevy of applications for relief and obtained a continuance of the oral argument initially scheduled for November 14, 2023.  The matter was rescheduled for argument to take place on January 30, 2024.  When the case was called, counsel for Sewickley Car Store d/b/a Sewickley BMW appeared.

---

[1] This Court issued, then discharged, a rule to show cause why the appeal should not be quashed as interlocutory, and deferred ruling on whether the appeal was properly from a collateral order.

The Lepres did not, nor did they advise the Court of any emergency prohibiting their participation.

Pursuant to the Rules of Appellate Procedure, "[i]f appellant or the moving party is not ready to proceed when a case is called for oral argument, the matter may be dismissed as of course." Pa.R.A.P. 2314. We elect to do so with this appeal.[2]

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

2/7/2024

---

[2] Even if we did not dismiss the appeal pursuant to Pa.R.A.P. 2314, we would, for the reasons explained in the trial court's opinion, quash it as being taken from a non-appealable interlocutory order. **See** Trial Court Opinion, 4/3/23, at 6-9.